UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 21 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 21 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CV 97-L-1739-S ) |
| 4.923 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; R. H. CULPEPPER, et. al., | ) ) ) ) ) |
| Defendant. | ) ) |
| RE: Cullman Tract No. 114 | ) |

**MEMORANDUM OPINION**

I. Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, plaintiff's objections to the Report of Commissioners, as well as the court's findings.

II.     <u>Damages Awarded For The Permanent Easement</u>  ($17,720)

The Commissioners determined that the property on which the permanent easement would be located was worth $3,600 an acre prior to the pipeline. Thus, the Commission awarded $17,720 for the 4.92 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.    <u>Damage To The Remaining Property</u> ($0)

The Commission recommended that landowners be awarded $6,320 for damages to the remaining property outside of the permanent easement caused by the pipeline. Southern objects to this award arguing that the award of $6,320 is not properly supported by any credible evidence before the Commission and is clearly erroneous. Further, Southern argues that no witness testified to any probable use in the reasonable near future that would be affected by the pipeline, and that no witness testified to any specific damage that the pipeline would cause.

John Phillips, a local realtor, testified for the landowner and stated that the after value of the land would be between $25,000 to $30,000 less than the value before the pipeline. Mr. Culpepper testified that he felt that the fear generated by the proposed pipeline was real whether it should be or not. Mr. Pugh, an MAI appraiser, also testified for the landowner and felt that damages to the remainder after the taking would amount to $80,040.

As cited in the <u>Instructions to the Commissioners</u>, when deciding what weight if any

to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." *(See pp. 8-9)*

The court finds that no witness testified to any specific damage to the remainder property outside of the easements, and no witness presented any market data to support his theory that the pipeline would negatively affect the property value of the remainder property. After considering all evidence, the Court finds that the $6,320 awarded for the damage to the remainder property recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

IV.     <u>Amount Awarded For The Temporary Easement</u> ($2,781)

The Commissioners awarded $2,781 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.      <u>Conclusion</u>

The Commissioners have recommended an award to the owner of the property in the

above-described easement in the amount of $30,000. The court has decided to moderate such award from $30,000 to $23,680, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a separate judgment will be entered in the amount of $23,680 as just compensation to the owner of Cullman Tract 114 for the taking of the above-described easement. This Judgment is final as to plaintiff and the City of Cullman, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this __16__ day of July, 1999.

_____
Senior Judge